WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Krista Purnell, | No. CV-14-02716-PHX-ESW |
| Plaintiff, | **ORDER** |
| v. | |
| Carolyn W. Colvin, Acting Commissioner of the Social Security Administration, | |
| Defendant. | |

Pending before the Court is Krista Purnell's ("Plaintiff") appeal of the Social Security Administration's ("Social Security") decision on her application for disability benefits. The Court has jurisdiction to decide Plaintiff's appeal pursuant to 42 U.S.C. §§ 405(g), 1383(c). Under 42 U.S.C. § 405(g), the Court has the power to enter, based upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing. Both parties have consented to the exercise of U.S. Magistrate Judge jurisdiction. (Doc. 10).

After reviewing the Administrative Record ("A.R.") and the parties' briefing (Docs. 21, 25, 28), the Court finds that the Administrative Law Judge's ("ALJ") decision contains harmful legal error. For the reasons explained in Section II below, the decision

1
2

is reversed and the case is remanded to the Commissioner of Social Security for further

administrative proceedings.

3

## I. LEGAL STANDARDS

4

### A.  Disability Analysis:  Five-Step Evaluation

5
6

The Social Security Act (the "Act") provides for disability insurance benefits to

7

those who have contributed to the Social Security program and who suffer from a

8

physical or mental disability.  42 U.S.C. § 423(a)(1).   The   Act   also   provides   for

9

Supplemental Security Income to certain individuals who are aged 65 or older, blind, or

10

disabled and have limited income.  42 U.S.C. § 1382.  To be eligible for benefits based

11

on an alleged disability, the claimant must show that he or she suffers from a medically

12

determinable physical or mental impairment that prohibits him or her from engaging in

13

any substantial gainful activity.  42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 1382c(A)(3)(A).

14

The claimant must also show that the impairment is expected to cause death or last for a

15

continuous period of at least 12 months.  *Id.*

16

To decide if a claimant is entitled to Social Security benefits, an ALJ conducts an

17

analysis consisting of five questions, which are considered in sequential steps.  20 C.F.R.

18

§§ 404.1520(a), 416.920(a).  The claimant has the burden of proof regarding the first four

steps:[1]

19
20
21

**Step One**:  Is the claimant engaged in "substantial gainful
activity"?  If so, the analysis ends and disability benefits are
denied.  Otherwise, the ALJ proceeds to step two.

22
23
24
25
26
27

**Step Two:** Does the claimant have a medically severe
impairment or combination of impairments?   A severe
impairment is one which significantly limits the claimant's
physical or mental ability to do basic work activities. 20
C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant does not
have a severe impairment or combination of impairments,
disability benefits are denied at this step.  Otherwise, the ALJ
proceeds to step three.

28

[1] *Parra v. Astrue*, 481 F.3d 742,746 (9th Cir. 2007).

1
2
3
4
5
6

**Step Three:** Is the impairment equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(d), 416.920(d).  If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.  If the impairment is not one that is presumed to be disabling, the ALJ proceeds to the fourth step of the analysis.

7
8
9
10
11

**Step Four:**  Does the impairment prevent the claimant from performing work which the claimant performed in the past? If not, the claimant is "not disabled" and disability benefits are denied without continuing the analysis.  20 C.F.R. §§ 404.1520(f), 416.920(f).  Otherwise, the ALJ proceeds to the last step.

12
13
14

If the analysis proceeds to the final question, the burden of proof shifts to the Commissioner:[2]

15
16
17
18
19
20

**Step Five:** Can the claimant perform other work in the national economy in light of his or her age, education, and work experience?   The claimant is entitled to disability benefits only if he or she is unable to perform other work. 20 C.F.R. §§ 404.1520(g), 416.920(g).   Social Security is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the claimant can do, given the claimant's residual functional capacity, age, education, and work experience. *Id.*

21

**B.  Standard of Review Applicable to ALJ's Determination**

22
23
24
25
26

The Court must affirm an ALJ's decision if it is supported by substantial evidence and is based on correct legal standards. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012); *Marcia v. Sullivan*, 900 F.2d 172, 174 (9th Cir. 1990).  Although "substantial evidence" is less than a preponderance, it is more than a "mere scintilla." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197,

27
28

---

[2] *Parra*, 481 F.3d at 746.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

229 (1938)).  "Substantial evidence" means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Id.*

In determining whether substantial evidence supports the ALJ's decision, the Court considers the record as a whole, weighing both the evidence that supports and detracts from the ALJ's conclusions.  *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993).  If there is sufficient evidence to support the ALJ's determination, the Court cannot substitute its own determination.  *See Morgan v. Comm'r of the Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  This is because the ALJ, not the Court, is responsible for resolving conflicts and ambiguities in the evidence and determining credibility.  *Magallanes*, 881 F.2d at 750; *see also Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

Finally, the Court considers the harmless error doctrine when reviewing an ALJ's decision.  This doctrine provides that an ALJ's decision need not be remanded or reversed if it is clear from the record that the error is "inconsequential to the ultimate nondisability determination."  *Tommasetti v. Astrue,* 533 F.3d 1035, 1038 (9th Cir. 2008) (citations omitted); *Molina*, 674 F.3d at 1115 (an error is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error "does not negate the validity of the ALJ's ultimate conclusion") (citations omitted).

## II.  PLAINTIFF'S APPEAL

### A.  Procedural Background

Plaintiff, who was born in 1984, has been employed as an office clerical worker, warehouse worker, hostess, and caregiver.  (A.R. 702, 724).  In February 2013, Plaintiff filed an application for disability insurance benefits.  (A.R. 137-38).  Plaintiff's application alleged that on September 28, 2012, she became unable to work due to ependymoma.  (A.R. 40).  Social Security denied the application on May 2, 2013.  (A.R. 79-82).  Social Security also denied Plaintiff supplemental security income.  (A.R. 83-

86).  On December 6, 2013, upon Plaintiff's request for reconsideration, Social Security affirmed the denial of disability benefits.  (A.R. 88-89).  Plaintiff then requested a hearing before an ALJ.  (A.R. 91-92).  An ALJ conducted a hearing in July 2014.  (A.R. 697-728).  In her August 18, 2014 decision, the ALJ found that Plaintiff was disabled from September 28, 2012 through October 26, 2013.  (A.R. 22-23).  The ALJ found that Plaintiff's disability ended on October 27, 2013 due to medical improvement.  (A.R. 23).

Plaintiff appealed the ALJ's ruling that Plaintiff's disability ended.  The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Social Security Commissioner.  (A.R. 1-6).  On December 18, 2014, Plaintiff filed a Complaint (Doc. 1) pursuant to 42 U.S.C. § 405(g) requesting judicial review and reversal of the ALJ's decision.

**B.  The ALJ's Application of the Five-Step Disability Analysis**

**1.  Step One: Engagement in "Substantial Gainful Activity"**

The ALJ determined that Plaintiff has not engaged in substantial gainful activity since September 28, 2012.  (A.R. 17).  Neither party disputes this determination.

**2.  Step Two: Presence of Medically Severe Impairment/Combination of Impairments**

The ALJ found that Plaintiff has the following severe impairments: (i) degenerative disc disease; (ii) status post C5-C7 laminectomy and resection of cervical spinal cord tumor; and (iii) obesity.  (A.R. 18).  This determination is undisputed.

**3.  Step Three: Presence of Listed Impairment(s)**

The ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the Social Security regulations.  (A.R. 19).  Neither party disputes the ALJ's determination at this step.

1

2

### 4.  Step Four:  Capacity to Perform Past Relevant Work

#### i.  September 28, 2012 Through October 26, 2013

3

4

The ALJ found that Plaintiff retained the residual functional capacity ("RFC")

5

from September 28, 2012 through October 26, 2013 to perform light exertional work as

defined in 20 C.F.R. § 404.1567(b), except that:

6

> [Plaintiff] was unable to climb ladders, ropes, and scaffolds.
> She could occasionally reach overhead bilaterally and could
> frequently use her hands bilaterally for fingering and
> handling.  She was restricted from working around hazards
> such as moving machinery and unprotected heights.
> Furthermore, [Plaintiff] required the option to lie down for
> several minutes after one hour intermittently during the
> workday.

7

8

9

10

11

12

(A.R. 19).  After considering the testimony of a vocational expert ("VE") and Plaintiff's

RFC, the ALJ determined that Plaintiff was unable to perform her past relevant work

13

14

from September 28, 2012 through October 26, 2013.  (A.R. 22).  The parties do not

dispute this determination.

15

16

#### ii.  October 27, 2013 Through Present

17

The ALJ found that beginning on October 27, 2013, there was medical

18

improvement in Plaintiff's ability to function.  (A.R. 23).  The ALJ adjusted Plaintiff's

RFC by removing the condition that there be the option to lie down throughout the

19

workday.  The ALJ wrote:

20

> [B]eginning on October 27, 2013, [Plaintiff] has had the
> residual functional capacity to perform light work as defined
> in 20 C.F.R. 404.1567(b).  In addition, [Plaintiff] is unable to
> climb ladders, ropes, and scaffolds.  She can occasionally
> reach overhead bilaterally and can frequently use her hands
> bilaterally for fingering and handling.  [Plaintiff] is restricted
> from working around hazards such as moving machinery and
> unprotected heights.

21

22

23

24

25

26

(A.R. 23).  After considering the testimony of the VE and Plaintiff's RFC, the ALJ

27

determined that beginning on October 27, 2013, Plaintiff is able to perform her past

28

1   relevant work as an office clerical worker.   (A.R. 26-27).   Plaintiff appeals this

2   determination.

3   ### 5.  Step Five: Capacity to Perform Other Work

4   At the final step, the ALJ found that from September 28, 2012 through October

5   26, 2013, there were no jobs that existed in significant numbers in the national economy

6   that Plaintiff could have performed.   (A.R. 22-23).   Accordingly, the ALJ found that

7   Plaintiff was disabled from September 28, 2012 through October 26, 2013.   (A.R. 23).

8   The ALJ's finding at Step Five is undisputed.

9   ### C. The ALJ's Determination that Medical Improvement Occurred on October 27, 2013

10

11   Because the ALJ found that Plaintiff was disabled for a finite period of time, this

12   is a "closed period" case.   *See Shepherd v. Apfel*, 184 F.3d 1196, 1199 n.2 (10th Cir.

13   1999) ("In a 'closed period' case, the decision maker determines that a new applicant for

14   disability benefits was disabled for a finite period of time which started and stopped prior

15   to the date of his decision.") (quoting *Pickett v. Bowen*, 833 F.2d 288, 289 n.1 (11th Cir.

16   1987).

17   Under Ninth Circuit law, "once a claimant has been found disabled, a presumption

18   of continuing disability arises in [the claimant's] favor." [3]  *Parra v. Astrue*, 481 F.3d 742,

19   748 (9th Cir. 2007) (quoting *Bellamy v. Sec'y of Health & Human Servs.*, 755 F.2d 1380,

20   1381 (9th Cir. 1985)); *see Murray v. Heckler*, 722 F.2d 499, 500 (9th Cir. 1983).

21   However, Social Security may terminate disability benefits when medical improvement

22   restores a claimant's ability to engage in substantial gainful activity.   *See* 42 U.S.C. §

23   423(f)(1); 20 C.F.R. §§ 404.1594, 416.994.   "Medical improvement" means "any

24

25   [3] Respondents argue that Plaintiff incorrectly asserts that the Commissioner must rebut a presumption of continuing disability.   (Doc. 25 at 5).   The Court concurs with the reasoning in *Medina v. Colvin*, No. 14-cv-01967-DMR, 2015 WL 5448498 (N.D. Cal.

26   Aug. 21, 2015) that a presumption of continuing disability applies despite the 1984 Amendments to the Social Security Act.   "[T]he 1984 amendments do not clearly

27   overturn the presumption of continuing disability.   Rather, the amendments prohibit "any initial inference as to the presence or absence of disability being drawn from the fact that

28   the individual has previously been determined to be disabled." 42 U.S.C. § 423(f); 42 U.S.C. § 1382(a)(5). An inference is not the same as a presumption." *Id.*, at * 10.

decrease in the medical severity of [the claimant's] impairment(s) which was present at the time of the most recent favorable medical decision that [the claimant was] disabled or continued to be disabled." 20 C.F.R. §§ 404.1594(b)(1), 416.994(b)(1)(i). "A determination that there has been a decrease in medical severity must be based on changes (improvement) in the symptoms, signs and/or laboratory findings associated with [the claimant's] impairment(s) (see § 404.1528)[4]." 20 C.F.R. §§ 404.1594(b)(1), 416.994(b)(1)(i). To determine whether medical improvement has occurred, Social Security compares the "current medical severity of th[e] impairment [ ] . . . to the medical severity of that impairment[] at th[e] time" of the most recent favorable decision. 20 C.F.R. §§ 404.1594(b)(7), 416.994(b)(1)(vii).

Pursuant to Social Security regulations, an ALJ must use an eight-step sequential analysis in determining whether to terminate a claimant's disability insurance benefits due to medical improvement.[5] 20 C.F.R. § 404.1594(f). The sequential analysis applies to "closed period" cases such as Plaintiff's case.[6] The analysis is to assure that "any

---

[4] "Symptoms," "signs," and "laboratory findings" are defined in 20 C.F.R. §§ 404.1528, 416.928. "Symptoms" are the claimant's own description of his or her physical or mental impairment. "Signs" are anatomical, physiological, or psychological abnormalities which can be observed, apart from the claimant's symptoms. "Laboratory findings" are anatomical, physiological, or psychological phenomena which can be shown by the use of medically acceptable laboratory diagnostic techniques.

[5] For supplemental security benefits, a seven-step sequential analysis applies. 20 C.F.R. § 416.994(b)(5). Those steps are the same as Steps 2 through 8 under 20 C.F.R. § 404.1594(f). Thus, the primary difference in analyzing continued eligibility for supplemental security benefits versus disability insurance benefits is that where disability insurance benefits are concerned, an ALJ first determines whether the claimant is engaging in substantial gainful activity.

[6] *See Tumminaro v. Astrue*, 671 F.3d 629, 633 (7th Cir. 2011) ("Before limiting benefits to a closed period, an ALJ must conclude either that a claimant experienced 'medical improvement' as evidenced by changes in the symptoms, signs, or test results associated with her impairments, or else that an exception to this rule applies. . . . That determination is informed by an eight-step evaluation . . . .") (citing 20 C.F.R. § 404.1594(f)); *Newbold v. Colvin*, 718 F.3d 1257 (10th Cir. 2013) (medical improvement standard and sequential analysis set forth in 20 C.F.R. § 404.1594 applies to closed period cases); *Mendoza v. Apfel*, 88 F. Supp. 2d 1108, 1113 (C.D. Cal. 2000) (concluding that the medical improvement standard applies to cases involving a closed period of disability); *Dolbow v. Astrue*, 799 F. Supp. 2d 319, 326 (D. Del. 2011) (in determining whether disability is limited to a closed period, "the ALJ must follow an eight-step evaluation process codified in 20 C.F.R. § 404.1594").

decisions to stop disability benefits are made objectively, neutrally and are fully documented." 20 C.F.R. § 404.1594(f). The eight steps are as follows:

> Step 1. Is the claimant engaging in substantial gainful activity? If so, the ALJ will find that disability has ended.

> Step 2. Does the claimant have an impairment or combination of impairments which meets or equals the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the ALJ will find that the claimant's disability is continuing. Otherwise, the ALJ proceeds to Step 3.

> Step 3. Has there been medical improvement as defined in 20 C.F.R. § 404.1594(b)(1)? If so, the ALJ proceeds to Step 4. If not, the ALJ proceeds to Step 5.

> Step 4. In accordance with 20 C.F.R. § 404.1594(b)(1)-(4), does the medical improvement relate to the claimant's ability to do work? That is, has there been an increase in the claimant's RFC based on the impairment(s) that was present at the time of the most recent favorable medical determination? If there has not been such an increase, the ALJ proceeds to Step 5. Otherwise, the ALJ proceeds to Step 6.

> Step 5. Do any of the exceptions in 20 C.F.R. § 404.1594(d) and (e) apply? If not, the claimant's disability will be found to continue. If one of the exceptions in 20 C.F.R. § 404.1594(d) applies,[7] the ALJ proceeds to Step 6. If an exception from 20 C.F.R. § 404.1594(e) applies,[8] the claimant's disability will be found to have ended.

---

[7] These exceptions include (i) substantial evidence shows that the claimant is a beneficiary of medical/vocational/technological advances that have increased the claimant's ability to do basic work activities; (ii) substantial evidence shows that the claimant has undergone vocational therapy that improves the claimant's ability to meet the vocational requirements of more jobs; (iii) substantial evidence shows that based on new or improved diagnostic or evaluative techniques the claimant's impairment(s) is not as disabling as it was considered to be at the time of the most recent favorable decision; (iv) substantial evidence shows that any prior disability decision was in error; and (v) the claimant is engaging in substantial gainful activity. 20 C.F.R. § 404.1594(d).

[8] These exceptions include (i) a prior determination or decision was fraudulently obtained; (ii) the claimant is uncooperative; (iii) Social Security is unable to find the claimant; and (iv) the claimant fails to follow prescribed treatment which would be expected to restore the claimant's ability to engage in substantial gainful activity. 20 C.F.R. § 404.1594(e). The exceptions in 20 C.F.R. § 404.1594(e) may be considered at any point in this process.

1

2
    Step 6. Are all of the claimant's current impairments in combination
3
    severe? In making this determination, the ALJ considers all of the
    claimant's current impairments and the impact of the combination of
4
    those impairments on the claimant's ability to function.  If the RFC
    assessment in Step 4 shows significant limitation of the claimant's
5
    ability to do basic work activities and the claimant's current
6
    impairments in combination are severe, the ALJ proceeds to Step 7.
    If all of the claimant's current impairments in combination do not
7
    significantly limit the claimant's physical or mental abilities to do
8
    basic work activities, the claimant will no longer be considered to be
    disabled.
9

10
    Step 7.  Is the claimant able to perform past work?  To answer this
    question, the ALJ will assess the claimant's RFC based on the
11
    claimant's current impairments.  If the claimant can perform past
12
    work, disability will be found to have ended.  Otherwise, the ALJ
    proceeds to the final step.
13

14
    Step 8.  Can the claimant perform other work?  This determination
    requires the ALJ to consider the RFC assessment made in Step 7 and
15
    the claimant's age, education, and past work experience.   If the
16
    claimant can perform other work, the ALJ will find that the claimant's
    disability has ended. If the claimant cannot perform other work, the
17
    ALJ will find that the claimant's disability continues.

18
20 C.F.R. § 404.1594(f)(1)-(8).

19
        In making the above sequential analysis, Step 3 must not be given short shrift.
20
"[A]n ALJ may not move to the evaluation of a claimant's RFC without first finding
21
medical improvement, and the Act does not authorize an ALJ to find medical
22
improvement without making the comparison of prior and current medical evidence."
23
*Medina v. Colvin*, No. 14-cv-01967-DMR, 2015 WL 5448498, at * 12 (N.D. Cal. Aug.
24
21, 2015); *Osborn v. Barnhart*, No. 03M–2529, 2004 WL 2091480, at *2 (D. Colo. Aug.
25
6, 2004) ("While earlier medical records are in the file and the ALJ said that he gave
26
careful consideration to all the evidence, he did not say how he compared the symptoms,
27
signs and laboratory findings, in those earlier records with the later reports. . . . [Thus]

28

1   [t]he ALJ's analysis was improper under the law and the decision therefore must be

2   reversed for legal error.").

3       The ALJ's decision in this case discussed and followed the five-step sequential

4   analysis set forth in 20 C.F.R. § 404.1520(a)(4) when finding that Plaintiff was disabled

5   from September 28, 2012 through October 26, 2013.  Although the ALJ's decision recites

6   the eight-step analysis set forth in 20 C.F.R. § 404.1594(f), the Court cannot conclude

7   that the ALJ applied correct legal standards in determining that Plaintiff was no longer

8   disabled as of October 27, 2013.

9       The ALJ's finding that medical improvement occurred rests entirely on Dr. Mark

10  Binette's October 26, 2013 examination of Plaintiff.[9]  (A.R. 23).  Dr. Binette is a

11  consulting physician who did not review any of Plaintiff's medical records.  (A.R. 582).

12  The ALJ's reference to Dr. Binette's report does not satisfy the ALJ's obligation under

13  20 C.F.R. § 404.1594(b)(7) to compare Plaintiff's prior and current medical evidence in

14  determining whether medical improvement has occurred.[10]  The ALJ has not met her

15  burden of showing that Plaintiff has experienced medical improvement that would allow

16  Plaintiff to engage in substantial gainful activity.  *See McCalmon v. Astrue*, 319 F. App'x

17  658, 659 (9th Cir. 2009) ("The Commissioner bears the burden of establishing that a

18  claimant has experienced medical improvement that would allow him to engage in

19  substantial gainful activity.").  The ALJ's failure to comply with 20 C.F.R. § 404.1594 in

20  determining that Plaintiff is no longer disabled as of October 27, 2013 is not

21

22

---

23      [9] Dr. Binette's October 26, 2013 report is labeled "Exhibit 14F."  (A.R. 582-85).
24  In the section of the ALJ's decision finding medical improvement, the Court presumes
    the ALJ was referring to Dr. Binette when the ALJ stated the "examining physician
    observed . . ." and cited Exhibit 14F.  (A.R. 23).
25

26      [10] This conclusion would not change even if Dr. Binette did review Plaintiff's
    medical records.  *See Newmiller v. Colvin*, No. EDCV 15-0139 FFM, 2016 WL 3034670,
27  at *4 (C.D. Cal. May 27, 2016) ("[T]he ALJ was not permitted to simply adopt the
    findings of Dr. Kamal and Dr. Ruiz, as their examinations of the medical records "cannot
    substitute for the ALJ's own obligation . . . that the ALJ compare prior to current medical
28  evidence.") (quoting *Medina v. Colvin*, No. 14-cv-01967-DMR, 2015 WL 5448498, at *
    11 (N.D. Cal. Aug. 21, 2015).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

inconsequential.[11]   Reversal is required.  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (court may reverse Social Security Commissioner's decision only if it is not supported by substantial evidence or if it is based on legal error); *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993) ("[I]f the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence.").

In addition, the ALJ's decision contains many inconsistencies and errors that cause the Court to question the ALJ's decision.  For example, the ALJ found that beginning on October 27, 2013, Plaintiff's statements regarding her symptoms were not credible. (A.R. 24).  The ALJ stated that Plaintiff's trip to Las Vegas in June 2013 "at least raises the question whether she was as limited as alleged."  (A.R. 25).  This conflicts with the conclusion reached earlier in the decision that Plaintiff's statements regarding her symptoms were "generally credible" from September 28, 2012 through October 26, 2013. (A.R. 21).   The decision also contains a large number of incorrect references.   For example, the decision states that "great weight is given to Dr. Paul Bendheim, a consultative physician."  (A.R. 25).  However, the record reflects that Plaintiff was not examined by Dr. Bendheim.  In another paragraph, Plaintiff's mother (Ms. Purnell) is referred to as a "he" and as "Mr. Bradley."  (A.R. 21).  No individual named Mr. Bradley is referenced in the record.

### III. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** reversing the decision of the Commissioner of Social Security and remanding the case to the Commissioner for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  The ALJ shall issue a new decision that is consistent with the applicable law as set forth in this Order.  The ALJ, however, is not

---

[11] It does not appear that Plaintiff filed a formal application for supplemental security income.   However, Social Security denied Plaintiff supplemental security income.  (A.R. 83-86).  The ALJ's decision addresses only disability insurance benefits. To the extent the decision was intended to encompass a denial of supplemental security income, the Court finds that the ALJ's decision fails to comply with 20 C.F.R. § 416.994 and that the error is not inconsequential.

1    precluded from reopening the hearing to receive additional evidence if deemed

2    appropriate.  The Clerk of Court is directed to enter judgment accordingly.

3          Dated this 17th day of June, 2016.

4

5                                                    _____

6                                                    Eileen S. Willett
                                                     United States Magistrate Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28